```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                             2:11-cr-108-FtM-29UAM

MAURICE ANDRE COLBERT

_____

### ORDER REGARDING COURT'S SENTENCING DETERMINATIONS

This matter came before the Court on May 14, 2013, June 10, 2013, and July 16, 2013 for sentencing hearings. Pursuant to Fed. R. Crim. P. 32(i)(3)(B), the Court summarizes its prior determinations and makes additional determinations regarding pending objections to the Presentence Report:

1. Defendant's objections to the factual matters set forth in paragraphs 16-20, 24, 27, 29, 39, 40, 42-45, 48-49, and 52-58 are **OVERRULED**. Evidence which the Court finds credible established these facts for sentencing purposes by at least a preponderance of the evidence, and as discussed below in paragraph 7, establishes the facts in paragraphs 20, 24, 27 and 29 beyond a reasonable doubt.

2. Defendant's objections to the loss amount set forth in paragraphs 68-70, 80, and 89 are **OVERRULED**. The loss amount need not be alleged in the Second Superceding Indictment nor determined by a jury beyond a reasonable doubt, and the evidence which the

Court finds credible established the loss amounts for sentencing purposes by at least a preponderance of the evidence.

3. Defendant's objections to the specific offense characteristics set forth in paragraphs 78-80, 86-89, 94-110, and 113 are **OVERRULED**. The specific offense characteristics do not increase the statutory maximum sentence, and therefore need not be alleged in the Second Superceding Indictment nor determined by a jury. The evidence which the Court finds credible established these specific offense characteristics for sentencing purposes by at least a preponderance of the evidence.

4. Defendant's objections to the convictions in paragraphs 124 and 125 are **OVERRULED** to the extent the Court finds that defendant committed the crimes alleged in these paragraphs, but is **SUSTAINED** to the extent the there shall be no criminal history point assessed for the conviction in paragraph 124.

5. Defendant's objection based upon the alleged unconstitutionality of 18 U.S.C. § 924(c) is **OVERRULED**. The Court finds the statute is constitutional.

6. Defendant's objection that the mandatory minimum sentence for the conviction under 18 U.S.C. § 924(c) should be five years instead of seven years is **SUSTAINED**, with the concurrence of the government. See Alleyne v. United States, 133 S. Ct. 2151 (2013). The references to a seven year mandatory minimum at pages 2 and 3 and in paragraphs 76 and 163 of the Presentence Report shall be

corrected to reflect a mandatory minimum sentence of five years instead of seven years imprisonment.

7.  Defendant's objections to the "pseudo count" involving the August 12 Wells Fargo robbery in paragraphs 74, 75, and 85-93 are resolved as follows:

(a)  The eleven count Second Superceding Indictment involved the armed robberies of two banks and one credit union and the attempted armed robberies of three other banks.  Count One of the Second Superceding Indictment (Doc. #139) charged defendant Maurice Colbert (Colbert or defendant) and two co-defendants with a conspiracy to commit armed bank robberies between about June 6, 2011 and October 7, 2011.  Included as overt acts in this conspiracy were the armed robberies of the Lee County Postal Employees Credit Union on June 6, 2011, the Wells Fargo Bank on August 12, 2011, and the Preferred Community Bank on August 31, 2011, as well as the attempted robberies of three other banks.  The August 12, 2011, robbery of the Wells Fargo Bank was alleged to have been committed by co-defendants Harrell and Rollins "and others" (Doc. #139, Count One, "Overt Acts", ¶¶ 2-4.)  Co-defendants Harrell and Rollins were charged with (and convicted of) substantive offenses for this Wells Fargo Bank robbery (Counts Five and Six), but defendant Colbert was not charged with any substantive offense relating to the August 12 Wells Fargo robbery.  Count Two charged defendant Colbert and two co-defendants with conspiracy to use and carry a firearm during and in relation to,

and possess a firearm in furtherance of, the bank robberies. Defendant Colbert was convicted of both conspiracy counts, as well as substantive counts relating to the credit union robbery and the attempted robberies of the three other banks.

(b) The grouping rules of Chapter 3 of the Sentencing Guidelines set forth a procedure for determining the offense level when a defendant is charged with multiple counts.

> As described in U.S.S.G. § 3D1.1, when a defendant has been convicted of more than one count, the court: (1) groups the counts into "Groups of Closely Related Counts ('Groups')" by applying § 3D1.2; (2) determines the offense level applicable to each Group by applying § 3D1.3; and (3) applies § 3D1.4 to determine the combined offense level applicable to all Groups.  U.S.S.G. § 3D1.1(a).  Section 3D1.2 provides that, for the purpose of determining the applicable sentence of a defendant convicted of more than one count, "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2.  Section 3D1.4 provides a procedure for determining the combined offense level by (1) counting the Group with the highest offense level as one Unit, (2) either disregarding, counting as one Unit, or counting as a one half Unit all the other Groups, depending on how their offense levels compare to the Group with the highest offense level; and then (3) increasing the highest offense level a designated amount based on the total number of units.  U.S.S.G. § 3D1.4(a)-(b).

United States v. Sihwail, 506 F. App'x 955, 958 (11th Cir. 2013). This is the procedure followed in the Presentence Report. Presentence Report, ¶¶ 73-120.

Five groups were established: The credit union robbery was Group One, and resulted in an Adjusted Offense Level of 23. Group Two consisted of the conduct related to the August 12 Wells Fargo robbery (Count Six), for which defendant was not charged or

-4-

convicted, as a "pseudo count." See United States v. Pringle, 350 F.3d 1172, 1175-76 (11th Cir. 2003). The Adjusted Offense Level for Group Two was 31, based upon the aggravated use of firearms by the participants in the August 12 Wells Fargo robbery. Groups Three, Four, and Five were for each individual attempted bank robbery respectively, and each resulted in an Adjusted Offense Level of 27. The Presentence Report used the highest Adjusted Offense Level, which was the pseudo count's Level 31, in its continued calculation of the Adjusted Offense Level. (Presentence Report, ¶ 116.) The Presentence Report added four levels because of the multiple groupings, arriving at a Combined Adjusted Offense Level of 35 (Presentence Report, ¶¶ 117-118).

Thus, the calculation of the Combined Adjusted Offense Level was increased by conduct (the August 12 Wells Fargo robbery) for which defendant was neither indicted nor convicted. Defendant objects, asserting this is an incorrect application of the Sentencing Guidelines to the facts of this case.

(c) Defendant's first objection is that the August 12 Wells Fargo robbery cannot be used against him because he was not indicted or convicted of that bank robbery. The Eleventh Circuit has applied the pseudo count principles in such a situation. Pringle, 350 F.3d at 1174-76. Because consideration of the August 12 Wells Fargo robbery does not increase the statutory maximum penalty, it may be considered by the sentencing court even though defendant had not been charged with that robbery and even though

defendant has not been found guilty of that offense by a jury. Defendant's objection to the contrary is **OVERRULED**.

(d) Defendant asserts that there is not a sufficient factual basis to include the August 12 Wells Fargo robbery in the groupings. This objection is **OVERRULED** for the reasons set forth below.

The Base Offense Level for a conspiracy conviction is the base offense level for the substantive offense which was the object of the conspiracy, plus any adjustments that can be established with reasonable certainty. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2X1.1(a). Where the conspiracy has multiple criminal objects, the conviction "shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d). Where the verdict does not establish which offenses were the object of the conspiracy, the Sentencing Guidelines caution that "subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense." U.S.S.G. § 1B1.2(d), cmt. n.4. The Eleventh Circuit has construed this to mean that "the court must find beyond a reasonable doubt that the defendant conspired to commit the particular object offense." United States v. McKinley, 995 F.2d 1020, 1026 (11th Cir. 1993). See also United States v. Ross, 131

F.3d 970, 989 (11th Cir. 1997); United States v. Farese, 248 F.3d 1056, 1060-61 (11th Cir. 2001); United States v. Vallejo, 297 F.3d 1154, 1169-70 (11th Cir. 2002); United States v. Bradley, 644 F.3d 1213, 1300-01 (11th Cir. 2011).

The evidence convinces the Court that the government has established beyond a reasonable doubt that defendant Colbert conspired with the co-conspirators to commit armed robbery of the Wells Fargo Bank on August 12, 2011. This robbery followed the robbery of the credit union for which Colbert was convicted, and preceded the three attempted bank robberies for which Colbert was also convicted. The *modis operandi* was similar in all the robberies, and the physical evidence, including the text messages, was compelling. Victor Wilson (Wilson) testified at trial as to certain admissions made by unindicted co-conspirator Kevin Smiley which also supported the involvement of Colbert in the August 12 Wells Fargo robbery. Defendant called Kevin Smiley (Smiley) as a witness at the sentencing hearing, and Smiley downplayed his relationship and contacts with Wilson, denied making the statements Wilson attributed to him, and denied participation in any of the bank robberies. The Court recognizes that, as defense counsel stated, both Wilson and Smiley have significant credibility issues. The Court finds that Smiley clearly understated his relationship and contacts with Wilson, and finds Wilson to be the more credible of the two. Where their testimony conflicts, the Court credits the testimony of Wilson over that of Smiley.

Accordingly, it is now

**ORDERED:**

1. The references to a seven year mandatory minimum at pages 2 and 3 and in paragraphs 76 and 163 of the Presentence Report shall be corrected to reflect a mandatory minimum sentence of five years instead of seven years imprisonment.

2. The one criminal history point assessed for the conviction in paragraph 124 shall be deleted.

3. The criminal history score in paragraphs 126 and 127 shall be corrected from "3" to "2".

4. Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the Presentence Report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation